VICKSBURG AND MERIDIAN RAILROAD COMPANY *v.* W. S. HAMILTON.

RAILROAD COMPANY.   *Action against for injury.   Presumption of negligence.   Section 1059, Code 1880.*

Section 1059 of the Code of 1880 provides· that, "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of the locomotive or cars of such company shall be *primâ facie* evidence of the want of reasonable skill and care on the part of the servants of such company in reference to such injury." Where, in such action, the plaintiff has proven the killing of his mule by the running of the defendant's locomotive and train, it devolves upon the defendant to show the circumstances attending the killing (unless the same appear by the plaintiff's evidence) in order to exculpate itself from blame, and if it fail to do so, the presumption must prevail, under the statute quoted, that the injury was the result of negligence on the part of defendant's servants.

APPEAL from Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

In July, 1884, W. S. Hamilton brought this action against the Vicksburg and Meridian Railroad Company to recover the value of a mule which it was averred the defendant had killed by care-

lessness and negligence of the defendant's employees in the running of a locomotive and train of cars on the defendant's road.

The character and effect of the evidence adduced at the trial are stated in the opinion of the court.

The court below gave for the plaintiff an instruction in the following language:

"If the jury believe from the evidence that the mule of plaintiff was killed by the locomotive and train of the railroad company they must find for the plaintiff and assess his damages at what the evidence shows the mule to be worth at the time of the killing, unless the defendants have proven to the satisfaction of the jury that they could not have avoided the killing by the exercise of ordinary care and skill in the management of the train."

The court refused to give for the defendant an instruction as follows:

"2. If the jury believe from the evidence that by the exercise of ordinary care and skill the mule could not have been saved, then they must find for defendant, even though there may, in the minds of the jury, be no proof as to such care and skill."

From a judgment in favor of the plaintiff the defendant appealed.

*Nugent & McWillie,* for the appellant.

1. We think the court clearly erred in giving the instruction asked by the plaintiff below. The duty of establishing negligence was clearly devolved upon the plaintiff; he assumed the burden in his declaration and was bound to prove the fact. The instruction does not follow the law, and is therefore objectionable. If the jury had been instructed in the words of the statute, no objection would have been interposed below or expressed here. Proof that the mule was " killed by the locomotive and train of the railroad company" does not, according to the statute, give rise to any presumption whatever. " Injury " inflicted by the *running of the locomotive or cars,* if shown, is *primâ facie* evidence of negligence on the part of the servants of the company.

2. The court should have given the second instruction asked by the defendant, if for no other reason than as an antidote to the instruction conceded to the plaintiff. It was intended to counteract

that given for the plaintiff and should have been given.   *R. R. Co.* v. *Hudson,* 50 Miss. 572.

*H. Peyton,* for the appellee.

1. The declaration charged gross negligence, etc., in view of exemplary damages by way of attorney's fees, which was abandoned upon trial and only value of the mule claimed, and the whole proceeding and the only instruction asked for plaintiff was in strict conformity with the statute and the rule laid down in *Packwood's Case,* 59 Miss. 280.

2. The court properly refused to give the second instruction asked for by plaintiff because there was no evidence calling for such an instruction. The instruction is based upon the idea that there was evidence that the animal could not have been saved by exercise of ordinary skill and care, when, in fact, there is nothing but a mild speculation that if " so-and-so " had existed the defendant could not have avoided it; and by said instruction the jury were asked to find a verdict for defendant, " even though there may be in the minds of the jury no *proof* as to such care and skill." The objection to such an instruction is too patent to require comment.

CAMPBELL, C. J., delivered the opinion of the court.

The evidence shows that the mule was killed by the running of a locomotive or cars of the appellant, and there is nothing to show the circumstances of the killing. The presumption of the want of reasonable skill and care on the part of the servants of the appellant in reference to the injury must therefore prevail. Code, § 1059. This statute devolves on the railroad company, whose locomotives or cars in running inflict injury, to exculpate itself from blame by showing that the circumstances under which the injury was done were such as to free it from liability. It cannot rely on presumptions or conjectures. It must show the facts attending the injury and exonerate itself. The facts did not appear in this case, and for all that was shown the mule may have been unnecessarily and improperly killed. The appellant must suffer the consequences of its failure to show the circumstances.

*Affirmed.*